**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109929

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANDI L. DINIZIO,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSIFIED CONSULTANTS INC. and PINNACLE CREDIT SERVICES, LLC,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

MANDI L. DINIZIO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against DIVERSIFIED CONSULTANTS INC. ("DCI") and PINNACLE CREDIT SERVICES, LLC ("PCS"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, DCI's principal place of business is located in Jacksonville, Florida.

8. On information and belief, PCS's principal place of business is located in Minneapolis, Minnesota.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to DCI for collection.

14. In its efforts to collect the alleged debt, Defendants contacted Plaintiff by letter. ("Exhibit 1.")

15. The letter was the initial communication to Plaintiff from Defendants.

16. Defendants' letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. As set forth in the following Counts, Defendants' letter violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

20. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

21. Defendants' letter states, "Current Owner: Pinnacle Credit Services, LLC."

22. Plaintiff does not have an account with PCS.

23. Plaintiff does not owe money to PCS.

24. PCS is not the creditor to whom the debt is owed.

25. Defendants have violated § 1692g as they failed to convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations as to the Name of the
## Creditor to Whom the Debt is Owed

26. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

29. For purposes of 15 U.S.C. § 1692e, the failure to accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

30. Plaintiff does not have an account with PCS.

31. Plaintiff does not owe money to PCS.

32. PCS is not the creditor to whom the debt is owed.

33. The least sophisticated consumer would likely be deceived by Defendants'

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

conduct.

34. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

35. Defendants have violated § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

38. Defendants' letter provides, "If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

39. Defendants' letter fails to advise of what Plaintiff must notify Defendants.

40. Defendants' letter fails to provide the statement required by 15 U.S.C. § 1692g(a)(4).

41. Defendants' letter fails to track the language required by 15 U.S.C. § 1692g(a)(4).

42. Defendants' letter fails to provide that Defendants' obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff's written notification disputes the debt, or any portion of the debt.

43. Defendants' letter fails to explain that Defendants' obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff's written notification disputes the debt, or any portion of the debt.

44. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

45. Defendants' letter would likely make the least sophisticated consumer uncertain as to what she must notify Defendants of to trigger Defendants' obligation to obtain and provide verification.

46. Defendants' letter would likely make the least sophisticated consumer confused as to what she must notify Defendants of to trigger Defendants' obligation to obtain and provide verification.

47. Defendants have violated § 1692g.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: April 18, 2016

**BARSHAY SANDERS, PLLC**

By: /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109929